UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO:

PAUL MORGAN, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

S&S UTILITIES ENGINEERING, LLC A Florida Limited Liability Company, and STEPHEN C. SMITH, individually

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff PAUL MORGAN, on behalf of himself and all others similarly situated ("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against S&S UTILITIES ENGINEERING, LLC ("S&S") and STEPHEN C. SMITH ("SCS")(collectively "Defendants") for unpaid minimum wage compensation and hereby states as follows:

**INTRODUCTION**

1. During all times relevant, Plaintiff and the putative class worked as hourly paid laborers for Defendants.

2. During the two (2) week period giving rise to this issue in March/April 2019, Defendants employed one-hundred (100) or more similarly situated hourly paid laborers.

3.     On April 8, 2019, Defendants, without any notice, closed their business, and failed to pay Plaintiff and the putative class members, for their final two (2) weeks of work.

4.     Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated employees of Defendants, who performed similar duties to, and who were paid in the same illegal manner as Plaintiff.

5.     Defendants uniformly failed to pay Plaintiff and all other similarly situated employees at least minimum wage for all hours worked during their final two (2) weeks of work for Defendants.

6.     Each putative class member is owed at least minimum wage for all hours worked, and additional/liquidated damages for same.

7.     This lawsuit is brought as a collective action under the FLSA to recover unpaid minimum wage compensation owed to Plaintiff and other similarly-situated employees who were not paid anything, whatsoever, for their final two (2) weeks of work for Defendants between March 18, 2019, and April 8, 2019 ("the Relevant Liability Period").

8.     Plaintiff will seek conditional certification and notice to an opt-in class defined as follows: "Any and all hourly paid laborers of Defendants who worked for Defendants during the Relevant Liability Period and were not paid minimum wage for all hours worked."

## JURISDICTION AND VENUE

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provides services in this District and are thus considered residents of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

11. Plaintiff is an adult resident of Port Saint Lucie Florida, and was employed by Defendants from October 16, 2017 through April 8, 2019.

12. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

13. During the Relevant Liability Period, Defendants failed to properly and legally pay Plaintiff, and all other similarly situated class members, minimum wage for all hours worked

14. Defendant S&S is a Florida Limited Liability Company with its principal place of business in Boca Raton, Florida.

15. Defendant SCS is a resident of Boca Raton Florida, and during all times relevant, exercised the authority to: (a) hire and fire employees of S&S; (b) determine the schedules to be worked and rates of pay of employees of S&S; and (c) otherwise control the daily operations and finances of S&S.

16. Based on the allegations of Paragraph 15 above, SCS is an "employer" as defined by the FLSA.

17. Defendants are covered employers within the meaning of the FLSA.

18. During the Relevant Liability Period, Defendants employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

19. During the Relevant Liability Period, Defendants achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

20. Defendants, jointly, severally, and individually, are enterprise covered as defined by the FLSA.

## FACTUAL ALLEGATIONS

21. Defendants subcontract installation work from AT&T.

22. At any given time, Defendants employs approximately one-hundred (100) hourly paid laborers like Plaintiff.

23. Defendants employ Plaintiff and similarly situated employees as "non exempt" laborers in equivalent positions with similar job duties, however titled, throughout Florida.

24. Plaintiff, and those similarly situated, are not exempt from the minimum wage provisions of the FLSA based on the actual production duties they perform.

25. Defendants have, and continue to fail to, pay Plaintiff and the putative class proper minimum wage compensation, by failing to pay them any wages due and owing for their final two (2) weeks of work.

26. Defendants policy of wrongfully denying Plaintiff, and the minimum wage pay is uniform and company-wide, as it applies to all hourly paid laborers.

27. Defendants knew, and have known, that Plaintiff and all similarly employees performed work without full and proper compensation and has chosen to deny them minimum wage compensation for performing this work in willful disregard of their rights under the FLSA.

28. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to determine whether failing to pay employees anything, whatsoever, was in compliance with the FLSA.

29. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to determine whether failing to pay employees anything, whatsoever, was in compliance with the FLSA.

30. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to determine whether failing to pay employees anything, whatsoever, was in compliance with the FLSA.

31. Based on the allegations in Paragraphs 28-30, above, Plaintiff is entitled to liquidated damages as Defendants have no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31, above.

33. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> Any and all hourly paid laborers of Defendants who worked for Defendants during the Relevant Liability Period and were not paid minimum wage for all hours worked.

34. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

35. Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' pay policy and practice of failing to pay full and proper minimum wage for all hours worked.

36. The exact number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### FAILURE TO PAY MINIMUM WAGE COMPENSATION TO HOURLY PAID LABORERS IN VIOLATION OF THE FLSA DURING THE FLSA RELEVANT LIABILITY PERIOD

37. Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 31 with respect to all hourly paid laborers

38. During the FLSA Relevant Liability Period, Defendants failed to fully compensate non-exempt hourly paid laborers at least minimum wage for all hours worked for Defendants as required by Section 206 of the FLSA.

39. All hourly paid laborers were victims of a common and illegal policy and plan by Defendants to deny them full and proper minimum wage compensation required by the FLSA.

40. Defendants' failure to pay minimum wage in accordance with the requirements of Section 206 of the FLSA was in willful disregard of the minimum wage compensation requirements of the FLSA.

41. Plaintiff, on behalf of himself and other similarly situated hourly paid laborers seeks unpaid minimum wage compensation in an amount to be determined, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all similarly situated individuals demands judgment against Defendants and prays this Court:

a. Issue notice to all hourly paid laborers who were employed by Defendants at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b. Declare Defendants' policy of failing to pay minimum wage illegal under the FLSA;

c. Award Plaintiff and all putative class members unpaid minimum wage compensation;

d. Award Plaintiff and all putative class members an amount equal to unpaid minimum wage compensation as liquidated damages under 29 U.S.C. § 216(b);

e. Award pre-judgment interest if liquidated damages are not awarded;

f. Award post-judgment interest as provided by law;

    g.  Award reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

    h.  Award such other relief as the Court deems fair and equitable.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 25th day of April 2019.

                                          Respectfully Submitted,

                                          ***/s/NOAH E. STORCH***
                                          Noah E. Storch, Esq.
                                          Florida Bar No. 0085476
                                          Richard Celler, Esq.
                                          Florida Bar No. 0173370
                                          Richard Celler Legal, P.A
                                          10368 W. SR 84, Suite 103
                                          Davie, Florida 33324
                                          Telephone: (866) 344-9243
                                          Facsimile: (954) 337-2771
                                          Email:
                                          Richard@floridaovertimelawyer.com
                                          Email:
                                          noah@floridaovertimelawyer.com