## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 0:19-cv-61048-XXXX

**PAUL MORGAN, on behalf of himself and all others
similarly situated,**

      **Plaintiffs,**

**v.**

**S&S UTILITIES ENGINEERING, LLC A Florida
Limited Liability Company, and STEPHEN C.
SMITH, individually,**

      **Defendants.**

_____/

### PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiff, PAUL MORGAN,

on behalf of himself and all others similarly situated, ("Plaintiff"), requests the entry of an Order

permitting, under court supervision, notice to following class of similarly situated employees:

> All persons employed as hourly paid laborers for Defendants in
> March/April 2019, who did not receive at least minimum wage for
> all hours worked in one or more workweeks, due to Defendants'
> failure to provide them with their final paychecks.

### MEMORANDUM OF LAW

### I.   THE FLSA AUTHORIZES COLLECTIVE ACTIONS

The FLSA authorizes employees to bring an action on behalf of themselves and others

similarly situated. *See* 29 U.S.C. § 216(b).  The FLSA provides, in part, that:

> An action to recover the liability [for unpaid overtime] may be maintained against
> any employer (including a public agency) in any Federal or State court of competent
> jurisdiction by any one or more employees for and in behalf of them self or
> themselves and other similarly situated. ***No employee shall be a party plaintiff to***

> *any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

*See id.* (emphasis added).  As further set forth below, the initial step is conditional certification and notice to potential class members upon the lenient standard of showing that the class members are similarly situated and that persons in addition to Plaintiff desire to opt into the action.  *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001); *Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996).

Defendants were/are a large subcontractor to AT&T who provided/provide cable installation services on AT&T's behalf to the general public. *See* Declaration of Paul Morgan attached hereto and incorporated herein as Exhibit 1 at ¶4; Declaration of Airan Isada attached hereto and incorporated herein as Exhibit 2 at ¶4.  Defendants employed Plaintiff, Opt-In Plaintiffs, and the putative class, as hourly paid laborers, who are the backbone of Defendants' business. *See* Exhibit 1 at ¶5; Exhibit 2 at ¶5.  This is a very simple case in which Defendants failed and/or refused to pay *all hourly paid laborers in the putative class any compensation, whatsoever, for their final weeks of work in March/April 2019. See* Exhibit 1 at ¶¶8-10; Exhibit 2 at ¶¶8-10.  This same illegal pay practice applies to all hourly paid laborers in the putative class regardless of job duties and responsibilities. *Id.*  These laborers are all victims of Defendants' uniform failure in this regard.  *Id.* There is an estimated eighty (80) – one hundred (100) individuals victimized by this practice who have received zero pay for their hours worked for Defendants and, accordingly, are entitled to minimum wages, liquidated damages, and payment of their attorneys' fees and costs.  *See* Exhibit 1 at ¶14; Exhibit 2 at ¶12.

Plaintiff, along with one (1) additional Opt-In Plaintiff who has come forward to participate in this case, prior to any notice being issued, are former hourly paid laborers of Defendants who were not paid full and proper minimum wage compensation for all hours worked, based on

Defendants' across the board refusal to pay them their final paychecks. *See* Exhibit 1 at ¶¶8-10; Exhibit 2 at ¶¶8-10. As evidenced by the attached Declarations, Plaintiff, and the Opt-In Plaintiff were paid in the exact same manner; and were not paid full and proper minimum wage for all hours worked for Defendants. *See* Exhibit 1 at ¶¶8-10, 13-14; Exhibit 2 at ¶¶8-10, 12-13. This evidence alone is sufficient to provide notice to the remaining class members at issue. *See Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005)(two affidavits provide sufficient factual basis for similarly situated inquiry); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (affidavits provide appropriate support for conditional certification). In another case, United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in plaintiff] shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation." Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights, *Larry Guerra v. Big Johnson Concrete Pumping, Inc.,* Case No.: 05-14237 (S.D. Fla. May 17, 2006).

Simply put, the putative class is owed full and proper payment of minimum wages and the right to participate in this litigation. It is undisputed that Defendants have acted, or refused to act, on grounds applicable to all putative class members, thereby making the identical relief appropriate with respect to its current and former similarly situated employees. Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendants. And, although the defined class is identified and certain, the individual members of the class cannot be

completely identified and notified of their right to join this action absent access to Defendants' books and records regarding same.

Defendants do not dispute that they failed to pay Plaintiff and the putative class wages due and owing for hours worked.  In fact, the across the board failure of Defendants to pay wages due and owing for hours worked to all hourly paid laborers in the putative class is admitted by Defendants in correspondence authored by Mr. Stephen Smith, on behalf of Defendants, dated April 30, 2019, which states, in pertinent part: ***"We continue to try to work with AT&T to get all of you (and us) paid. . . We will pay you when we get the funds to do so.  We understand you feel you have a legal right to get paid and we have every intention to pay you when we are able to[.]*** *See* Correspondence from Defendants Dated April 30, 2019, attached hereto and incorporated herein as Exhibit 3.  Furthermore, in Defendants' Answer, Defendants also admit that Plaintiff, Opt-In Plaintiff, and the putative class, have not been paid wages due and owing for hours worked. *See* ECF No. 8 at ¶¶3, 5, 7, & 25.  Defendants failure to pay the putative class members for all hours worked adversely affect the rights of each member of this collective action. Therefore, Plaintiff seeks this Court's authorization to facilitate notice to each of Defendants' hourly paid laborers in the defined class who were subjected to the illegal pay practices described above at any time from January 1, 2019, through present.  Plaintiff further requests that he be permitted to give such notice as approved by this Court to all such class members of their rights to opt-in to this litigation by executing an appropriate consent as required by Section 216(b) of the FLSA.

Plaintiff's Declaration, and the Declaration of the additional Opt-In Plaintiff who joined this action since the time it was filed, clearly establish that others in the defined class were unpaid in the same manner, and thus, were subjected to Defendants' illegal pay practices described above.

The Declarations further demonstrate that others desire to and will join this action if given notice of same.1  Thus, conditional certification and notice is appropriate.

## II.   APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

FLSA class actions operate differently than the typical class action suits under Rule 23 of the Federal Rules of Civil Procedure. Under 29 U.S.C. § 216(b) of the FLSA, an employee belonging to a similarly situated class of plaintiffs must "opt-in" to the class by filing a written consent with the Court in order to be bound by the outcome of the case. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.* Conversely, in traditional class actions under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff initiating a class action automatically represents every member of the class that has not expressly "opted-out." *See id.*  In *Hoffman- La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Supreme Court ruled that not only did trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, but that this authority also included sending court-authorized consent forms to potential plaintiffs. *See id.*  There, the Court addressed the issue of whether the district court may play any role on prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought. *See id.*  The Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *See id.* at 486.  This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *See id.*

---

1 Undersigned Counsel's law firm has been contacted by additional members of the putative class, which further demonstrates that others desire to and will join this action.

Trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is required by statute. Thus, it lies within the discretion of the trial court to begin its involvement early, at the point of the initial notice, rather than at some later time. *See id.* Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action. *See id.* at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b), "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.* at 486. In *Dybach v. State of Florida, Department of Corrections,* 942 F .2d 1562 (11th Cir. 1991), the Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks. *See id.* The Eleventh Circuit also held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Id.*

A. **At this Stage, the Eleventh Circuit Requires Only Minimal Evidence to Support Conditional Class Certification of a Class of Similarly Situated Workers**

The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b). *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."); *see also, Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 & n.2 (11th Cir. 2003). Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id.* at 1218. During Stage I notice proceedings, "[p]laintiffs need show only that their positions are similar, ***not identical,*** to the positions held by the putative class members." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th

Cir. 1996)(internal quotations and citations committed)(emphasis added). Because the court has minimal evidence at this stage of the proceedings, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. *See Healthcare Servs., Inc.*, 347 F.3d 1240 11th Cir. 2003)*; see  also Pendelbury v. Starbucks Coffee Co.,* 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005) (*citing Hipp*, 252 F.3d at 1218).  Moreover, allowing plaintiffs and the putative class members to first proceed through notice and discovery is contemplated by the two tier approach.   *See Leuthold v. Destination Am.,* 224 F.R.D. 462, 467 (N.D. Cal. 2004) ("The two-tier approach contemplates progression through the notice stage before reaching the more rigorous inquiry required to maintain the class.  This is evident from the methods usually employed to decide the issues raised by the two tiers.").

**B.    Plaintiff Demonstrates a Reasonable Basis for Conditional Certification of a Collective Action on Behalf of the Asserted Class of Similarly Situated Employees.**

For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff must only demonstrate that the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices.  To satisfy the initial burden regarding notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members."  *Hipp*, 252 F. 3d at 1217.  *see also, Pendlebury*, 2005 U.S. Dist. LEXIS 574, at *8-10 (store managers from two (2) Starbucks' locations in Broward County, Florida established the right to send notice to all similarly situated store managers ***across the United States*** who may have been misclassified as "exempt").  The "similarly situated" requirement of §216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance).  *Hipp*, 252 F. 3d at 1219; *see also, Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315

(M.D. Ala. 2002).  A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219.

There are questions of law or fact common to Defendant's hourly paid laborers, and the claims of the named Plaintiff, and Opt-In Plaintiff, in the instant matter.  Indeed, Plaintiff's, and Opt-In Plaintiff's, claims are typical of the claims of the other individuals in their positions that fall within the defined class. *See* Exhibit Nos. 1 & 2.  For conditional certification to be granted in cases arising under the FLSA, there is no requirement of "strict symmetry" or "absolute identity." Rather, all that is required is a "reasonable basis."  *Burks v. Equity Group Eufaula Div. LLC*, 2007 U.S. Dist. LEXIS 79416 (M.D. Ala. 2007) (citing, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)); *see also, Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) ("[P]laintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1346-51 (N.D. Ga. 2002) (granting certification where "Plaintiffs have made substantial allegations, supported by evidence, that Defendant failed to comply with the FLSA by failing to pay overtime compensation to non-exempt employees on a class-wide basis.").

While Plaintiffs have this burden, the burden is "***not heavy***," and may be met by making substantial class-wide allegations, "that is, detailed allegations supported by affidavits which successfully engage [d]efendant's affidavits to the contrary."  *Id.* at 1096-97 (internal quotations omitted) (emphasis added); *Hipp*, 252 F.3d at 1218-19.  Further, "courts have held that Plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kreher v. City of Atlanta*, 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006) (*citing Hoffman v.*

*Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Thiebes v. Wal-Mart Stores, Inc.*, 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (plaintiffs need only some factual nexus that they and the putative class were victims of a common policy or plan that violated the FLSA).

Here, it is undisputed that all hourly paid laborers of Defendants were not paid for their final weeks of work for Defendants in violation of the FLSA's minimum wage requirement. See Exhibit 1 at ¶¶8-15; Exhibit 2 at ¶¶8-13; *see also* Exhibit 3. Defendants' illegal pay practice in this regard satisfies the similarly situated requirement to facilitate conditional certification.

Based upon the Collective Action Complaint allegations and the above-referenced Declarations, along with the participation of the Opt-In Plaintiff to date (pre-notice), Plaintiff satisfies the applicable burden of persuasion that a colorable basis exists for determining that others similarly situated to Plaintiff exists, and conditional certification and notice are warranted.

## C. Additional Similarly Situated Individuals Will Join the Lawsuit Once Provided Notice

Plaintiff has already demonstrated that other similarly employees will join in the case if provided notice. Moreover, it is reasonable to assume that where, as here, there are similarly situated employees who experienced the same FLSA violations (Defendants' failure to pay all hourly paid laborers in the putative class any compensation, whatsoever, for their final weeks of work in March/April 2019), which Defendants admit, these potential class members would opt-in to the lawsuit if given notice of it. Similarly, district courts have agreed to "accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron*, 242 F. Supp. 2d at 1101.

As of the filing of this Motion, one (1) additional Opt-In Plaintiff learned of this action prior to any Court notice being issued, and have opted-in to this case besides the originally named

Plaintiff.   This alone demonstrates that others desire to join if given notice of this matter.  Based upon the Declarations from the named Plaintiff, and the Opt-in Plaintiff, as well as the consent form filed with this Court, Plaintiff has met the minimal burden of establishing the specific facts to demonstrate that other employees are interested in opting in.  *See Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996).  In addition, allowing class notification to a potential class will certainly avoid multiple lawsuits where numerous employees have allegedly been harmed by the same violation. *See also Prickett v. Dekalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003).  Thus, a collective action is sought as the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate the same relief with respect to the class as a whole.

Additionally, questions of law or fact common to all class members who worked for Defendants predominate over any questions affecting only individual members. Hence, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy.  Accordingly, Plaintiff seeks Court authorization to provide: (1) the proposed "Notification" letter, attached as Exhibit 4 to be sent to all similarly situated employees; and (2) the proposed "Notice of Consent to Join" form, attached as Exhibit 5, which similarly situated employees can complete, sign, and file with the Court.

## III.    FACTORS IRRELEVANT TO THE COURT'S CONSIDERTAION

Plaintiff anticipates that Defendants may argue the merits of this case in response to this Motion (although the argument would be frivolous as Defendants admit to failing to pay all hourly laborers in the putative class any compensation, whatsoever, for their final weeks of work in March/April 2019).  At this "conditional certification" stage, however, courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly

situated." *See Kreher v. City of Atlanta,* 2006 WL 7398272, at \*4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated) and *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiff makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . ..").

In *Kreher*, the court concluded that too high a burden would be placed on the plaintiffs at the preliminary notice stage if they were required to submit evidence of a highly particularized nature, as the defendant suggested. *See id.* at 2006 WL 7398272, at \* 4.  As such, the *Kreher* court concluded that although the plaintiffs' Affidavits lacked some details, they established the existence of other employees employed in similar positions and subject to similar policies, warranting the court's decision to grant the plaintiffs' motion under the "fairly lenient standard" applied in the Eleventh Circuit.  *Id.* at \*4; *see also Leuthold v. Destination America,* 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class."); *Goldman v. Radioshack Corp.,* No. Civ.A. 2:03-CV-032, 2003 WL 21250571, at \*8 (E.D.Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,*130 F.Supp.2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have

advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question."). Thus, setting Defendants' anticipated factual/legal arguments aside for purposes of Plaintiff's Stage I Motion, Plaintiff clearly has met the burden of proof on the "similarly situated" prong under *Hipp*.

## IV.    PLAINTIFF'S NOTICE IS ACCURATE AND SHOULD BE EMAILED/MAILED.

Plaintiff's proposed judicial notice is "timely, accurate, and informative." *See Hoffmann-La Roche*, 493 U.S. at 172. As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted. Plaintiff requests that notice be mailed and emailed to all putative class members. Defendants previously communicated with all class members urging them not to file suit via email. *See* Exhibit No. 3. Plaintiff submits that, considering Defendants viewed this as an appropriate means of communication to the putative class, this Court should permit communication in this regard as well (in addition to traditional mailing).

## V.    LIMITED DISCOVERY OF NAMES AND ADDRESSES OF THE PUTATIVE CLASS IS NECESSARY TO CARRY OUT NOTICE

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987, at *3 (W. D. Wash. June 22, 2006) (compelling the defendant to produce the names and addresses of potentially similarly situated employees despite the fact that no conditional class certification motion was pending before the court). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See Hoffmann-La Roche*, 493 U.S. at 165; *see also Dietrich v. Liberty Square*, 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan*

*Corp.,* 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006). Thus, if this Court grants Plaintiff's Motion, the Court should likewise order Defendants to provide Plaintiff with a list of all putative class members' names, email addresses, and home addresses to carry out notice.

## VI.   <u>THE NOTICE PERIOD FOR OPT-IN PLAINTIFFS SHOULD BE 90 DAYS.</u>

The purpose behind the notice provision is the inclusion of all similarly situated class members.   Additionally, Plaintiff's counsel anticipates significant difficulties in locating all potential class members in light of the fact that none of the potential class members are employed by Defendants. Given the foregoing, as well as the size of the anticipated class, a 90-day notice period will allow all potential plaintiffs sufficient time to opt-in to this collective action and does not unreasonably prolong the litigation, nor will it adversely affect discovery proceedings. *Hernandez v. Two Bros. Farm, LLC*, 2008 WL 4613069 (S.D. Fla. 2008)(90 day notice); *Love v. Phillips Oil, Inc.*, 2008 WL 5157677 (N.D. Fla. 2008)(90 day notice). Accordingly, the Court ought to allow a 90 day Notice period.

<u>CONCLUSION</u>

In light of the broad remedial provisions of the FLSA, *see, e.g., Prickett v. DeKalb County,* 349 F.3d 1294, 1296-97 (11th Cir. 2003) (citations omitted), coupled with the incredibly lenient standard for conditional certification, Plaintiff's allegations and Declarations, along with all of the additional evidence of record – the Declarations and Consent of one (1) opt-in Plaintiff (to date prior to notice),– are more than sufficient to satisfy Plaintiff's relatively light burden of showing this Court that "there are [similarly situated] persons … who have suffered wage and hour violations who would join this suit if they had notice of the suit." *See Barron, supra.*

**WHEREFORE,** Plaintiff respectfully requests that this Court conditionally certify this case as a collective action, and permit and supervise notice to all persons employed as hourly paid

laborers for Defendants in March/April 2019, who did not receive at least minimum wage for all hours worked in one or more workweeks, due to Defendants' failure to provide them with their final paychecks.

## CERTIFICATE OF GOOD FAITH

Pursuant to the Local Rules, the undersigned counsel has conferred with Defendants' Counsel, in a good faith effort to resolve this Motion prior to its filing, however, Defendants oppose the relief sought herein.

Dated this 3rd day of July 2019.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No.0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2019, a true and correct copy of the foregoing has been filed using CM/ECF system which will send a copy of same to all counsel of record.

*/s/ Noah E. Storch*
Noah E. Storch, Esq.